NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STANLEY W. HAYNES, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 08-cv-2298(DMC) |
| FJC SECURITY, SEIU LOCAL 32BJ, DEPARTMENT OF LABOR, STATE OF NEW JERSEY UNEMPLOYMENT, P.A.P.D., J.C.P.D., EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, NATIONAL LABOR RELATIONS BOARD, MAYOR'S OFFICE, PATH OPERATIONS, SENATOR'S OFFICE, and PROFESSOR ROBERT T. SIMMELKJAER, ESQ., | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

  This matter comes before the Court upon motions by Defendant the National Labor Relations Board ("NLRB") to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(1) and (6); Defendants The Jersey City Police Department and the Jersey City Mayor's Office ("Jersey City Defendants") to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6) and (8)(a); Defendant the Port Authority ("PA") to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6); Defendant Service Employees International Union, Local 32BJ ("Union") to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6); and Defendant FJC Security ("FJC") to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6). After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motions to dismiss are **granted**.

**I.     BACKGROUND**

On August 15, 2008, Plaintiff commenced this *pro se* action by filing a Complaint in the Superior Court of New Jersey, Law Division, Civil Part. The case was removed to this Court by the NLRB on September 15, 2008. Plaintiff's claims arise from an arbitration award issued on April 6, 2008, in Plaintiff's favor against his employer FJC.

On November 12, 2007, FJC terminated Plaintiff. Thereafter the Union filed a grievance on Plaintiff's behalf challenging the termination. The Union pursued the grievance to arbitration and a hearing was held before Defendant Professor Robert T. Simmelkjaer, Esq. on March 20, 2008. The Union and Plaintiff prevailed at arbitration. As a remedy, Prof. Simmelkjaer ordered FJC to reinstate Plaintiff to his position as a Security Agent with FJC, pay full back pay less interim earnings and unemployment insurance benefits, and restore his fringe benefits. Plaintiff has admitted that as of April 6, 2008, the date of the issuance of the award, FJC has reinstated him at a different location from where he was stationed before being discharged, paid him full back pay, and reinstated all of his benefits.

Plaintiff makes six accusations: (1) that the Union harassed him by not complying with the arbitration award in retaliation for "exposing" FJC and the Union to the NLRB; (2) that the Union sabotaged the arbitration; (3) that FJC had violated a collective bargaining agreement; (4) that FJC harassed Plaintiff for over four years resulting in a premeditated hate crime being perpetrated against him; (5) FJC filed a "bogus police report" against Plaintiff; and (6) intentional infliction of emotional distress and defamation premised upon the alleged harassment and the "bogus police report."

**II.    STANDARD OF REVIEW**

    **A.     FED. R. CIV. P. 12(b)(6)**

When deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth

v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). In evaluating a Rule 12(b)(6) motion, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. V. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). In Bell Atlantic Corp. v. Twombly, the Supreme Court established new language for interpreting the pleading standard. The Court determined that a plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). The "[f]actual allegations [of the complaint] must be enough to raise a right to relief above the speculative level." Id. at 555. Nonetheless, the Supreme Court specified that there is no heightened standard of fact pleading or requirement to plead specifics. Id. at 570.

While the pleading standard as provided by Fed. R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned accusation. Id. at 555. A pleading that offers labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Id. The Supreme Court Explains:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556-57, 570 (2007).

    **B.**    **FED. R. CIV. P. 12(b)(1)**

The standard of review for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) depends on whether the motion is based on a facial or factual challenge to subject matter jurisdiction. See

Gould Elecs. Inc. V. United States, 220 F.3d 169, 176 (3d Cir. 2000). A facial challenge asserts that the Court lacks jurisdiction over the Plaintiffs claims on their face. If the defendant's attack is facial, the Court must accept as true all allegations in the complaint and draw reasonable inferences in favor of the plaintiff. Mortensen v. Frist Fed. Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Further more the Court "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." Liu v. Gonzales, 2007 U.S. Dist. LEXIS 74611, at *7 (D.N.J. Oct. 5, 2007).

A factual challenge attacks the existence of a Court's subject matter jurisdiction apart from any of the pleadings. See Mortenson v. First Fed. Sav & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). When considering a factual challenge, "no presumpti[on of] truthfulness attaches to a plaintiff's allegations." Martinez v. U.S. Post Office, 875 F. Supp. 1067, 1070 (D.N.J.1995) (citing Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). "Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) factual challenge to jurisdiction need not be limited; conflicting written and oral evidence may be considered and a court may 'decide for itself the factual issues which determine jurisdiction." Id. (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.) Cert. denied, 454 U.S. 897 (1981)). "When resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." Med. Soc'y of N.J. v. Herr, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing Gould Elecs. Inc. v. U.S., 220 F.3d 169, 176, 178 (3d Cir. 2000)). Nonetheless, "[w]here an attack on jurisdiction implicates the merits of plaintiff's [F]ederal cause of action, the district court's role in judging the facts may be more limited." Martinez, 875 F. Supp. at 1071 (citing Williamson, 645 F.2d at 413 n.6). Regardless of whether the challenge is facial or factual, the plaintiff still bears the burden of persuasion. Mortensen, 549 F.2d at 891.

### C. Fed. R. Civ. P. 8(a)

Under Fed. R. Civ. P. 8(a)(2), a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Although *pro se* plaintiffs are held to a lower standard, even a *pro se* plaintiff cannot rely upon, nor should a defendant be burdened by allegations that are wholly conclusory. Cade v. Newman, 422 F. Supp 2d 463, 465 (D.N.J. 2006) (citing Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981)). The Plaintiff must allege at least some facts, which, if proven, would entitle the plaintiff to the relief he seeks. Id. Bald assertions or legal conclusions will not meet the standards of a pleading under Rule 8. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007).

### III. Discussion

#### A. FJC's Motion to Dismiss

Plaintiff asserts a discrimination claim but specifies his suspect class as being "whistle blower" and alleges that "socialized capitalism" is the main driving force behind the alleged discrimination. From these contentions, the Court assumes that Plaintiff attempts to invoke a whistle blower retaliation claim under Title VII of the Civil Rights Act of 1964 but fails to identify when and what he blew the whistle to. To state a claim for retaliation under Title VII, a plaintiff must allege that: (1) he engaged in a protected activity; (2) he subsequently suffered an adverse employment action; and (3) there was a causal connection between her engaging in the protected activity and the adverse employment action. Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006).

Although it is hard to discern from the Complaint what actions Plaintiff alleges constituted retaliation, presumably Plaintiff is referring to his belief that he has not been properly treated since his reinstatement pursuant to the arbitration award. Plaintiff has failed to demonstrate that FJC has not complied with the terms of the arbitration award or that he was subject to an adverse employment

action caused by a protected activity he engaged in.  The employment actions Plaintiff complains of since his reinstatement do not constitute adverse employment actions because FJC was fully within its authority to take those actions.  For example, not placing Plaintiff at the same facility he was at before being terminated.  It appears Plaintiff's true complaint is that he has not been treated properly after obtaining an arbitration award in his favor.  To the extent that this is true, Defendants have brought before the Court evidence that Plaintiff has been reinstated at FJC and has been paid all monies owed.

To the extend that Plaintiff raises allegations of discrimination under Title VII, based on the facts pled, Plaintiff has not adequately established his discrimination claim.  "The existence of a prima facie case of employment discrimination is a question of law that must be decided by the Court."  Sarullo v. United States Postal Serv., 352 F.3d 789, 797-798 (3d Cir.2003).  Employment discrimination requires a showing that: (1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 348 n.1, 352, 356 (3d Cir. 1999).  Plaintiff's Title VII discrimination claim fails to identify what subject class he is a member of and that he was treated differently than other FJC employees. For these reasons, Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff's Complaint is overly broad and unclear.  Plaintiff makes many legal conclusions but does not plead facts in support of his claims sufficient to satisfy FED. R. CIV. P. 8(a).  Factual allegations in a complaint must be specific and legal conclusions pled as factual allegations are not sufficient.  See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1995, 1964-65 (2007).  Moreover, many

of Plaintiff's Title VII claims seem to be untimely under 42 U.S.C. § 2000e-5(e), which requires that charges of discrimination be filed within 300 days of the alleged discriminatory act. Therefore, Plaintiff's Complaint against FJC is **dismissed**.

### B.     The Union's Motion to Dismiss

Plaintiff alleges that the Union breached its duty to act on his behalf and ensure that the arbitration award was properly complied with.  This is a claim for breach of a duty of fair representation. "[A] union breaches its duty of fair representation if its actions are either arbitrary, discriminatory, or in bad faith." Air Line Pilots Assn. v. O'Neil, 499 U.S. 65, 67 (1991).

The facts do not support Plaintiff's allegation.  The Union filed a grievance on Plaintiff's behalf and obtained a positive result.  The Union ensured that FJC complied with the arbitration award and made Plaintiff whole.  Plaintiff has been reinstated with full pay.  Plaintiff has not alleged and cannot allege that the Union has acted in an arbitrary or discriminatory way or acted in bad faith. Indeed, when Plaintiff was wrongfully discharged the Union acted on his behalf.  Therefore, Plaintiff's claims against the Union are **dismissed**.

### C.     The NLRB's Motion to Dismiss

The NLRB moves to Dismiss Plaintiff's Complaint for failing to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

With respect to FED. R. CIV. P. 12(b)(6), Plaintiff does not allege that the NLRB has acted in anyway that has been detrimental to Plaintiff.  Although Plaintiff lists the NLRB as a Defendant, pursuant to FED. R. CIV. P. 8(a), this is not sufficient to state a claim upon which relief can be granted.  In order to establish that he is entitled to relief from the NLRB, Plaintiff must plead facts that implicate the NLRB in actionable conduct.  Even assuming that Plaintiff is seeking relief from the NLRB for failure to prosecute unfair labor practice charges filed by Plaintiff, this still would not be sufficient because the Court does not have jurisdiction over such claims.  See NLRB v. United

Food & Commercial Workers Union, Local 23, 484 U.S. 112, 124-26, 131 (1987); see also NLRB v. Nash-Finch Co., 404 U.S. 138, 147 n.4 (1971) ("Actions against the [NLRB] are dismissed on the ground that they are against a federal agency exercising a governmental regulatory function and so are suits against the United States, which cannot be sued without consent of Congress").  Therefore, Plaintiff's claims against the NLRB are **dismissed**.

### D.    Port Authority's Motion to Dismiss

Plaintiff's claims against the Port Authority including the Port Authority Police Department and the Port Authority Trans Hudson ("PATH") must be dismissed because Plaintiff failed to comply with N.J.S.A. 32:1-163.  This statute requires that suits against the state of New Jersey or its agencies be commenced within one year after the date that the cause of action accrued and that notice of the claim be served on the state body at least "sixty days before such suit, action or proceeding is commenced." N.J.S.A. 32:1-163.  Plaintiff has not filed a notice of claim with the Port Authority. Moreover, Plaintiff has not plead any facts that would suggest that the Port Authority has acted in anyway that was harmful to Plaintiff.  Therefore, Plaintiff's claims against the Port Authority are **dismissed**.

### E.    The City of Jersey City's Motion to Dismiss

The Jersey City Defendants move to dismiss Plaintiff's claims against them for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6) and for inadequate pleading under FED. R. CIV. P. 8(a).

Although Plaintiff is acting *pro se* he is still required to set forth sufficient information to outline the elements of the claims raised.  See In re Warfarin Sodium, 214 F. 3d 395, 397-98 (3d Cir. 2000).  Here, it is not even clear what claims Plaintiff is alleging against the Jersey City Defendants. Generally, Plaintiff pleads that the Jersey City Defendants aided and abetted wrongs suffered upon

Plaintiff. Plaintiff, however, fails to specify any facts from which a claim could be outlined. Plaintiff has not met the minimum pleading requirements. Moreover, Plaintiff has not filed a notice of claim as required by N.J.S.A. 32:1-163. Therefore, Plaintiff's claims against the Jersey City Defendants are **dismissed**.

### F.     Defendants that Have Been Improperly Served

The United States Attorney's Office for the District of New Jersey sent Plaintiff, and filed with the Court a letter dated October 28, 2008, wherein Assistant United States Attorney Allan B.K. Urgent informs Plaintiff that several of the Defendants were not properly served. Specifically, Mr. Urgent directs Plaintiff to consult 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(i) and 81(c).

28 U.S.C. § 1448 provides, where a case is removed to a district court and "one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." Fed. R. Civ. P. 4(i) governs the service of process on the United States government, its agencies, corporations, officers, and employees. Rule 4(i) provides in pertinent part that a party wishing to serve the United States must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C...

A party wishing to serve an agency, officer, or employee in an official capacity must "serve the

United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). A party wishing to serve and officer or employee individually in connection with duties performed on the government's behalf must "serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g). Fed. R. Civ. P. 4(i)(3). Fed. R. Civ. P. 4(m) provides that a defendant "shall be severed within 120 days after the complaint is filed" unless the "plaintiff shows good cause for the failure" in which case "the court must extend the time for service for an appropriate period."

To date Plaintiff has not perfected service against the U.S. Department of Labor, the Equal Employment Opportunity Commission, and the Office of U.S. Senator Frank R. Lautenberg. Plaintiff's Complaint was filed and removed to this Court more than 120 days from the date upon which this Opinion is issued. Since, Plaintiff has not served the above listed Defendants, all claims against them are **dismissed**.

### G.     Plaintiff's Tort Claims

Plaintiff generally raises claims of defamation and intentional infliction of emotional distress. The Court will not delve into a lengthy discussion of Plaintiff's failure to adequately plead these claims or Plaintiff's failure to provide a notice of claim to the New Jersey State Defendants as required by N.J.S.A. 32:1-163 and the federal Defendants as required by the Federal Tort Claims Act, 28 U.S.C. § 2401. The Court will likewise not address at length the fact that a defamation claim cannot be brought against the United States. 28 U. S. C. § 2680(h); Siegert v. Gilley, 500 U.S. 226, 234 (U.S. 1991). Instead, the Court dismisses Plaintiffs state claims for lake of jurisdiction.

All of Plaintiff's federal claims have been dismissed. Any remaining claims are based solely on state law. This Court's authority over Plaintiff's state law claims was based on supplemental jurisdiction as provided for in 28 U.S.C. § 1367(c)(3).

28 U.S.C. § 1367(c)(3) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Supplemental jurisdiction is predicated upon a federal court first having original jurisdiction over related claims. Id. When a court lose original jurisdiction it is not automatic that the court waives supplemental jurisdiction. See Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999). Indeed, the Third Circuit has expressed that it "prefer(s) [that] the district court []set forth its basis for dismissing state claims on a jurisdictional basis." Id. (referring to Sparks v. Hershey, 661 F.2d 30, 33 (3d Cir. Pa. 1981). This, however, is a preference and not a requirement. Id.

To the extent that there are tort claims that have not been dismissed, the Court dismisses these claims because they are predicated on state law and given that all of Plaintiff's federal claims are dismissed, the Court lacks jurisdiction over these claims. 28 U.S.C. § 1367(c)(3). Declining supplemental jurisdiction after all federal claims are dismissed is appropriate where there is neither apparent unfairness nor any overriding judicial interest. See Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999). The Court finds no such judicial interest or unfairness here. Therefore, Plaintiff's tort claims are **dismissed** for lack of supplemental jurisdiction.

## IV. CONCLUSION

For the reasons stated, Defendants' motions to dismiss are **granted**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: June  18 , 2009
Orig.: Clerk
cc:     Counsel of Record
        The Honorable Mark Falk, U.S.M.J.